**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**VALERIE BOOTHE,**

    **Plaintiff,**

                                                            **CASE NO:**

**v.**

**K&B CAPITAL CORPORATION**
**D/B/A CHOICE MORTGAGE, and**
**CHOICE MORTGAGE GROUP, LLC,**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, VALERIE BOOTHE ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, K&B CAPITAL CORPORATION D/B/A CHOICE MORTGAGE ("Defendant K&B") and CHOICE MORTGAGE GROUP, LLC, ("Defendant Choice"), and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq. and the Florida Civil Rights Act of 1990, as amended ("FCRA"), Fla. Stat. §760.01 et seq.

2. Venue is proper in this district, because all of the events giving rise to these claims occurred in Palm Beach County which is in this district.

## PARTIES

3. Plaintiff is a resident of Highlands County, Florida.

4. Defendant K&B operates a mortgage business throughout the state including in Palm Beach County, Florida.

5. Defendant Choice operates a mortgage business throughout the state including in Palm Beach County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the ADA.

10. At all times material hereto, Defendants employed fifteen (15) or more employees. Thus, Defendants are an "employer" within the meaning of the ADA.

11. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FCRA.

12. At all times material hereto, Defendants employed fifteen (15) or more employees. Thus, Defendants are an "employer" within the meaning of the FCRA.

## **FACTS**

13. Plaintiff began working for Defendants on July 2021 and she worked in this capacity until her termination May 6, 2022.

14. Defendants were Plaintiff's joint employers. Choice Mortgage Group, LLC, was a joint employer with K & B Capital Corporation d/b/a Choice Mortgage. The two managers of Choice Mortgage Group, LLC, Emmanuel St. Germain and Jared Perlman, would often communicate with Plaintiff by text message, Teams, email, Slack, and phone calls, on the performance of her job and tasks. Defendant Choice also controlled Plaintiff's terms and conditions of her employment, even advising Plaintiff that she should no longer have contact with the president of K&B Capital Corporation d/b/a Choice Mortgage, Michael Kodsi, and instead deal only with Mr. Perlman or another manager, Mr. Greenwood.

15. For its part, Defendant K&B admitted that it was the employer of Plaintiff.

16. During Plaintiff's employment with Defendants, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendants as having a condition that substantially limited her ability to perform one or more major life activities. Specifically, Plaintiff has been diagnosed with a genetic autoimmune disorder.

17. Plaintiff continues to suffer from the aforementioned physical or mental condition.

18. At all times material hereto, Plaintiff could perform the essential functions of her job with Defendant with or without accommodation.

19. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

20. On or about her date of hire, Plaintiff notified Defendants of her condition and that she occasionally requires time to attend medical appointments or seek treatment.

21. On or about her date of hire, Plaintiff requested an accommodation from Defendants for her condition. Specifically, Plaintiff requested that she be allowed time off to attend medical appointments and seek treatment.

22. However, Defendants routinely gave Plaintiff a hard time when she needed to utilize the accommodation and attend medical appointments or seek treatment.

23. Further, Defendants also promised Plaintiff incremental raises for her first year but then denied her those raises due to her need for time off to attend medical appointments and seek treatment.

24. Defendant never officially approved Plaintiff's requested accommodation.

25. In fact, Defendant held Plaintiff's need for time off against her in its ultimate termination of her.

26. On or about May 6, 2022, Defendant ultimately and officially denied Plaintiff's ongoing request for accommodation, even though granting Plaintiff's

request would not have imposed any undue hardship on Defendant, by terminating her employment.

27. By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's condition.

28. Defendants' termination of Plaintiff on May 6, 2022, was for a pretextual reason. Specifically, Defendants tried to tell Plaintiff that it was due to market issues, however, Plaintiff was the only employee terminated. Plaintiff again asked for the reason and Defendants changed course and then said they would terminate her for cause and began, again, to question Plaintiff regarding her absences for medical reasons.

## COUNT I – ADA VIOLATION
### (DISABILITY DISCRIMINATION)
### As to Both Defendants

29. Plaintiff realleges and readopts the allegations of paragraphs 1-10 and 13-28 of this Complaint, as though fully set forth herein.

30. Plaintiff is a member of a protected class under the ADA.

31. Plaintiff was subjected to disparate treatment by Defendants on the basis of her disability, and/or perceived disability.

32. Specifically, Defendants failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Defendants.

33. Defendants' actions were willful and done with malice.

34. Plaintiff was injured due to Defendants' violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)
### As to Both Defendants

27. Plaintiff realleges and readopts the allegations of Paragraphs 1-10 and 13-28 of this Complaint, as though fully set forth herein.

28. Plaintiff is disabled, or was perceived by Defendants as being disabled.

29. Defendants failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter terminated her employment.

30. Defendants' actions were willful and done with malice.

31. Plaintiff was injured due to Defendants' violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

    (a) A jury trial on all issues so triable;

    (b) That process issues and that this Court take jurisdiction over the case;

    (c) An injunction restraining continued violation of law enumerated herein;

    (d) Compensation for lost wages, benefits, and other remuneration;

    (e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

  (f)  Compensatory damages, including emotional distress, allowable at law;

  (g)  Punitive damages;

  (h)  Prejudgment interest on all monetary recovery obtained;

  (i)  All costs and attorney's fees incurred in prosecuting these claims; and

  (j)  For such further relief as this Court deems just and equitable.

## COUNT III – ADA RETALIATION
### As to Both Defendants

32. Plaintiff realleges and readopts the allegations of paragraphs 1-10 and 13-28 of this Complaint, as though fully set forth herein.

33. As a qualified individual with a disability whom Defendants knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

34. Plaintiff engaged in protected activity under the ADA requesting a reasonable accommodation.

35. Defendants retaliated against Plaintiff for engaging in protected activity under the ADA by terminating her employment.

36. Defendants' actions were willful and done with malice.

37. The adverse employment action that Defendants took against Plaintiff was material.

38. Plaintiff was injured due to Defendants' violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

  k) All costs and attorney's fees incurred in prosecuting these claims; and

  l) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
### (DISABILITY DISCRIMINATION)
### As to Both Defendants

35. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 11-28 of this Complaint, as though fully set forth herein.

36. Plaintiff is a member of a protected class under the FCRA.

37. Plaintiff was subjected to disparate treatment by Defendants on the basis of her disability, and/or perceived disability.

38. Specifically, Defendants failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Defendants.

39. Defendants' actions were willful and done with malice.

40. Plaintiff was injured due to Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

  l) A jury trial on all issues so triable;

  m) That process issue and that this Court take jurisdiction over the case;

n) That this Court enter an injunction restraining continued violation of the FCRA;

o) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

p) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

q) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

r) Any other compensatory damages, including emotional distress, allowable at law;

s) Punitive damages;

t) Prejudgment interest on all monetary recovery obtained.

u) All costs and attorney's fees incurred in prosecuting these claims; and

v) For such further relief as this Court deems just and equitable.

### COUNT V—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)
### As to Both Defendants

32. Plaintiff realleges and readopts the allegations of Paragraphs 1-8 and 11-28 of this Complaint, as though fully set forth herein.

33. Plaintiff is disabled, or was perceived by Defendants as being disabled.

34. Defendants failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter terminated her employment.

35. Defendants' actions were willful and done with malice.

36. Plaintiff was injured due to Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(k) A jury trial on all issues so triable;

(l) That process issues and that this Court take jurisdiction over the case;

(m) An injunction restraining continued violation of law enumerated herein;

(n) Compensation for lost wages, benefits, and other remuneration;

(o) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(p) Compensatory damages, including emotional distress, allowable at law;

(q) Punitive damages;

(r) Prejudgment interest on all monetary recovery obtained;

(s) All costs and attorney's fees incurred in prosecuting these claims; and

  (t)  For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION
### As to Both Defendants

39. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 11-28 of this Complaint, as though fully set forth herein.

40. As a qualified individual with a disability whom Defendants knew or perceived to be disabled, Plaintiff is a member of a protected class under the FCRA.

41. Plaintiff engaged in protected activity under the FCRAA requesting a reasonable accommodation.

42. Defendants retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating her employment.

43. Defendants' actions were willful and done with malice.

44. The adverse employment action that Defendants took against Plaintiff was material.

45. Plaintiff was injured due to Defendants' violations of the FCRA, for which she is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

  m)  A jury trial on all issues so triable;

  n)  That process issue and that this Court take jurisdiction over the case;

o)  That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the FCRA;

p)  That this Court enter an injunction restraining continued violation of the FCRA;

q)  Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

r)  Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

s)  Reinstatement of Plaintiff's full fringe benefits and seniority rights;

t)  Any other compensatory damages, including emotional distress, allowable at law;

u)  Punitive damages;

v)  Prejudgment interest on all monetary recovery obtained.

w)  All costs and attorney's fees incurred in prosecuting these claims; and

x)  For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 9th day of January 2024.

                                      Respectfully submitted,

                    *s/ Amanda E. Heystek*
                    **AMANDA E. HEYSTEK**
                    Florida Bar Number: 0285020
                    Direct Dial: 813-379-2560
                    **WENZEL FENTON CABASSA, P.A.**
                    1110 N. Florida Avenue, Suite 300
                    Tampa, Florida 33602
                    Main Number: 813-224-0431
                    Facsimile: 813-229-8712
                    Email: aheystek@wfclaw.com
                    Email: rcooke@wfclaw.com